HAVERBEKKEN v. CORYELL COUNTY
et al. (No. 6082.)

(Court of Civil Appeals of Texas. Austin.
Nov. 13, 1918. On Motion for Rehearing, Jan. 15, 1919.)

INJUNCTION ⚙═137(3)—TEMPORARY INJUNCTION—PROPRIETY.

Where a county had opened a public road through plaintiff's land, and plaintiff had fenced along the road, and it had been used by the public for several years, a temporary injunction restraining the use of the road prior to trial of a suit of trespass to try title to the strip of land used for the road was properly refused in view of the situation of the parties and the interest of the public.

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Suit by Ole O. Haverbekken against Coryell County and others. From an order refusing to grant a temporary injunction, plaintiff appeals. Affirmed.

S. C. Padelford, of Cleburne, for appellant. S. P. Sadler, of Austin, and H. E. Bell, of Gatesville, for appellees.

JENKINS, J. Appellant instituted suit in the district court of Coryell county, in trespass to try title to a strip of land 40 feet wide, running through a tract of about 940 acres, alleged to be owned by him.

The gist of appellant's complaint is that Coryell county and Bosque county undertook to lay out a public road across his said tract of land, a portion of which lies in Coryell and a portion in Bosque county; that such proceedings were null and void, notwithstanding which said counties, claiming said strip to be a public road, forcibly entered upon the same and are using it for that purpose; that appellant, in order to protect his farm and pasture lands from depredation, has been compelled to build a fence on each side of said strip for the entire length thereof.

The pretended condemnation proceedings are alleged to have begun in 1914, and it appears from plaintiff's petition that the strip of land now is, and for some years has been, used as a public road, and that appellant has protected his land from depredation of stock by building the fences above referred to.

The district court of Coryell county will meet in January, and it does not appear that appellant in the meantime will suffer any injury beyond that which he is now suffering and has suffered for several years. We presume that it was for this reason that the district judge refused to grant the temporary injunction prayed for. In fact, we do not see what benefit will accrue to appellant from granting him a temporary injunction.

It is not Coryell or Bosque county that is using his land, but the public. What appellant is seeking by his suit of trespass to try title is to have the alleged condemnation proceedings declared void, in which event he can close the road across his land. That is the issue which he is seeking to have this court try in this injunction proceedings. It will be time enough for us to pass on this issue when it is brought here on appeal from a judgment of the district court.

Believing, as we do, that the district judge did not abuse his discretion in refusing the temporary injunction prayed for, and that appellant has suffered no substantial injury by such refusal, the action of the district judge in refusing such temporary injunction is sustained.

Affirmed.

On Motion for Rehearing.

In our opinion herein we did not mean to say, as is suggested by appellant in his motion for rehearing, that he should be denied relief because his injuries are of long standing, nor that he is not entitled to an injunction against the county because it is the public, and not the county in its corporate capacity, which is trespassing on his land.

If trespass is being committed by the use of his land as a public road, his proper remedy is that which he seeks herein, viz., by suit against the county to have the orders opening a road through his land declared void.

What we meant to say, and what we do say, is that, as appellant's petition shows that the land in controversy has long been used as a public road, it does not appear that any serious and irreparable injury will be done him by its continuous use as such road until the case can be tried in the district court, at which time, if the evidence establishes the truth of his allegations, it must be presumed the district court will grant him adequate relief. Should it fail to do so, he has the right of appeal, and we would then be able to pass on the case on its merits. Also we meant to say, and do say, that as it appears that the land in controversy is, and for a long time has been, used as a public road, the public interest ought to be considered, and the road ought not to be closed until the case is tried on its merits, and appellant has shown himself entitled to such relief, unless there was an emergency for such action.

If the appellees should by dilatory tactics deny appellant a trial upon the merits at the January term of the district court, we will, upon application showing such facts, grant appellant leave to file a second motion for a rehearing herein.

Motion overruled.

---

⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes